IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID CLINE and ANNA CLINE,

    Plaintiffs,

v.                                Civil Action No. 5:11CV63
                                            (STAMP)

QUICKEN LOANS INC.,
TITLE SOURCE INC. d/b/a
TITLE SOURCE INC. OF WEST VIRGINIA,
APPRAISALS UNLIMITED, INCORPORATED,
DEWEY V. GUIDA and JOHN DOE NOTE HOLDER,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING AS MOOT IN PART
THE PLAINTIFFS' MOTION TO ABSTAIN, TO REMAND,
AND TO STAY BRIEFING OF THE MOTION TO DISMISS;
DENYING WITHOUT PREJUDICE DEFENDANT
QUICKEN LOANS INC.'S MOTION TO DISMISS;
AND DENYING WITHOUT PREJUDICE DEFENDANT
TITLE SOURCE, INC.'S MOTION TO DISMISS**

I.  Procedural History

The plaintiffs, David Cline and Anna Cline, filed a complaint against the defendants in the Circuit Court of Marshall County, West Virginia, alleging various state law causes of action including unconscionability, breach of fiduciary duty, fraud/ intentional misrepresentation, negligent misrepresentation, illegal loans in excess of fair market value, breach of professional standards and professional negligence, damages, joint venture, and punitive damages. Defendants Quicken Loans Inc. ("Quicken") and Title Source, Inc. ("Title Source") removed this civil action to this Court pursuant to 28 U.S.C. §§ 1334, 1441, and 1452. The defendants maintain that this Court has subject matter jurisdiction

over this action because the case is related to a case arising under Title 11 of the United States Code and involving the bankruptcy proceedings pending against defendant Dewey Guida.

The plaintiffs filed a motion to abstain, to remand, and to stay briefing of the motion to dismiss. The plaintiffs state that they have met the five elements under § 1334(c)(2) for mandatory abstention. They next argue that even if mandatory abstention is inapplicable, the factors for discretionary abstention or, alternatively, for equitable remand weigh heavily in favor of state court jurisdiction. Finally, they believe that this Court should resolve the issue of abstention before requiring briefing of the motions to dismiss. Quicken filed a response to which Title Source joined. It argues that mandatory abstention does not apply because this is a core proceeding as it is liquidating proofs of claim against Guida and affects the administration of Guida's estate. Quicken also argues that the plaintiffs have filed to meet their burden of demonstrating that the action can be timely adjudicated in state court. Quicken next argues that discretionary abstention is improper as the 28 U.S.C. § 1334(c)(1) and § 1452(b) factors weigh in favor of this Court retaining jurisdiction. Finally, Quicken opposes the plaintiffs' request for a stay of briefing. The plaintiffs filed a reply. In addition, both Quicken and Title Source filed motions to dismiss. The plaintiffs filed a notice of supplemental authority in which they discuss the recent Supreme

Court opinion of Stern v. Marshall, --- U.S. ---, 2011 WL 2472792 (2011)

For the reasons stated below, this Court grants in part and denies as moot in part the plaintiffs' motion to abstain, to remand, and to stay briefing of the motion to dismiss. Specifically, this Court finds that mandatory abstention applies and that this civil action must be remanded to the Circuit Court of Marshall County, West Virginia and that the plaintiffs' motion to stay briefing is now moot as the motion to dismiss is fully briefed.

## II. Facts[1]

The plaintiffs visited lendingtree.com for the purpose of consolidating multiple credit card obligations. Quicken then allegedly repeatedly called the plaintiffs to pursue a refinance of their existing mortgage. The plaintiffs refinanced through Quicken. The plaintiffs executed a promissory note in the principal sum of $99,300.00. The note was secured by a deed of trust on the plaintiffs' home. The plaintiffs allege that Quicken failed to comply with appropriate and meaningful application, approval, underwriting and closing processes for the loan and that in furtherance of a predatory lending scheme, Quicken and Title Source willfully secured an inflated appraisal from Appraisals Unlimited and Guida of $112,000.00. The plaintiffs state that

---

[1] For purposes of deciding these motions, the facts are based upon the allegations contained in the complaint.

through the appraisal, the defendants were able to misrepresent the market value of the subject property to the plaintiffs. The plaintiffs allege that at the time of the appraisal, the property was worth $80,000.00. The plaintiffs state that, because of the alleged predatory loan transaction, the plaintiffs have suffered emotional distress annoyance and inconvenience.

### III. Applicable Law

A. Abstention

Title 28, United States Code, Sections 1334(c)(1) and 1334(c)(2) provide for both permissive and mandatory abstention to be exercised by district courts in certain situations. Section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action cannot have commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2)(emphasis added). "In other words, a district court must abstain from hearing a non-core, related matter if the action can be timely adjudicated in state court." Wheeling-Pittsburgh Corp. v. Am. Ins. Co., 267 B.R. 535, 538 (N.D. W. Va. 2001) (quoting Howe v. Vaughan, 913 F.2d 1138, 1142 (5th Cir. 1990)). Courts and commentators have derived five basic factors from the mandatory abstention statute to be employed by district courts in deciding whether or not to abstain from hearing the

4

claims of a particular case, including whether: (1) a timely motion to abstain has been made; (2) the proceeding is based upon a state law cause of action; (3) the proceeding is related to a Title 11 case but is not a core proceeding; (4) the action could not have been commenced in federal court absent jurisdiction under § 1334; and (5) an action is commenced, and can be timely adjudicated, in state court with proper jurisdiction. Id. (citing In re Midgard Corp. v. Kennedy, 204 B.R. 764, 776-79 (BAP 10th Cir. 1997) and Business and Commercial Litigation in Federal Courts, § 45.5 (Robert L. Haig Ed., 1998)).

B. Equitable Remand

Plaintiffs argue that principles of equitable remand should be applied. Title 28, United States Code, Section 1452 provides, in relevant part:

> (a) A party may remove any claim or cause of action in any civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

28 U.S.C. § 1452.

Several factors to be considered in determining whether a remand is appropriate under 28 U.S.C. § 1452(b) include:

> whether remand would prevent duplication or uneconomical use of judicial resources; the effect of the remand on the administration of the bankruptcy estate; whether the case involves questions of state law better addressed by a state court; comity; judicial economy; prejudice to involuntarily removed parties; the effect of bifurcating

the action, including whether remand will increase or decrease the possibility of inconsistent results; the predominance of state law issues and non-debtor parties; and the expertise of the court in which the action originated.

In re Asbestos Litigation, 271 B.R. 118, 125 (S.D. W. Va. 2001).

IV. Discussion

A. Jurisdiction

Title 28, United States Code, Section 1452(a) states that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." Title 28, United States Code, Section 1334(b) provides that "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11."

"Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected to the bankruptcy estate." Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995) (internal citations omitted). "The 'related to' language of § 1334(b) must be read to give district courts . . . jurisdiction over more than simple proceedings involving the property of the debtor of the estate." Id. The Supreme Court did find, however, that "related to" jurisdiction does have limits. Id. "Shared facts between the third-party action and a debtor-creditor conflict do not in and of

6

themselves suffice to make the third-party action 'related to' the bankruptcy." Wise v. Travelers Indem. Co., 192 F. Supp. 2d 506, 516 (N.D. W. Va. 2002). Similarly, judicial economy by itself cannot justify "related to" jurisdiction. Id. The United States Court of Appeals for the Fourth Circuit has adopted the following definition of § 1334 "related to" jurisdiction: "[A]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 1002, n.11 (4th Cir. 1986), cert. denied, 479 U.S. 876 (1986) (adopting the definition set forth in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).

After considering the applicable law, this Court finds that it has "related to" jurisdiction over this action because the outcome of this action may result in an additional liability of defendant Guida, and therefore impact his bankruptcy case. Frelin v. Oakwood Homes Corp., 292 B.R. 369, 377 (Bankr. E.D. Ark. 2003).

B. Abstention

The plaintiffs argue that this Court must abstain pursuant to 28 U.S.C. § 1334(c)(2). Section 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be

> timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). The plaintiffs argue that this section is implicated because: (1) the plaintiffs have timely moved for abstention; (2) the proceeding is based upon a state law claim; (3) it is not a core proceeding; (4) the action could not have commenced in federal court absent jurisdiction under § 1334; and (5) the action can be timely adjudicated in a state forum.

1. Timely Motion

The first factor in § 1334(c)(2) requires that the moving party make a timely motion requesting the court to abstain. See 28 U.S.C. § 1334(c)(2). As this Court has recognized, "[c]ourts have generally adopted a flexible case-specific approach in determining whether a motion for mandatory abstention is 'timely.'" Wheeling-Pittsburgh, 267 B.R. 535 at 538. Here, the defendants filed a notice of removal on April 29, 2011 and the plaintiffs promptly filed their first motion for the court to abstain and to remand on May 20, 2011. This Court finds that the plaintiffs have satisfied the first factor for the mandatory abstention statute.

2. State Law Cause of Action

The second factor of 28 U.S.C. § 1334(c)(2) is whether the proceeding is based upon a state law claim or state law cause of action. The underlying causes of action in this case are for unconscionability, breach of fiduciary duty, fraud/intentional misrepresentation, negligent misrepresentation, illegal loans in excess of fair market value, breach of professional standards and

professional negligence, damages, joint venture, and punitive damages. The plaintiffs' claims do not arise under federal law. Accordingly, this Court finds that the second factor of the mandatory abstention statute is met.

   3.   <u>Core or Non-core Proceeding</u>

Application of § 1334(c)(2) next requires that the proceeding be related to a Title 11 case but not arising under Title 11 or arising in a case under Title 11. In <u>Northern Pipeline Construction Co. v. Marathon Pipeline Co.</u>, 458 U.S. 50 (1982), the United States Supreme Court struck down portions of the Bankruptcy Act of 1978 as vocative of Article III of the Constitution. Following <u>Northern Pipeline</u>, Congress amended the Bankruptcy Act of 1978 and made the bankruptcy courts adjuncts of Article III courts when adjudicating state law matters. <u>See</u> <u>Bankruptcy Amendments and Federal Judgeship Act of 1984</u>, Pub. L. No. 98-353, 98 Stat. 333, 28 U.S.C. § 152. The 1984 Act drew a distinction between core and non-core bankruptcy proceedings. "Core matters are those that would fit within the Bankruptcy Court's summary jurisdiction prior to 1978; that is, core matters are those involving the bankrupt's property or assets within the jurisdiction of the Bankruptcy Court. Bankruptcy Courts may 'hear and decide' these core proceedings." Erwin Chemerinsky <u>Federal Jurisdiction</u> § 4.5.3 (5th ed. 2007).

Title 28, United States Code, Section 157(b)(2) provides that core proceedings include, but are not limited to:

   (A)   matters concerning the administration of the estate;

9

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

(P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

28 U.S.C. § 157(b)(2).

Non-core proceedings are those "related" to a Title 11 case. See In re Johnson, 960 F.2d 398, 402 (4th Cir. 1992) (noting "related proceedings cannot be treated as core proceedings pursuant to . . . 28 U.S.C. § 157(b)(1), (c)(1) and (c)(2)"). The Fourth Circuit Court of Appeals has adopted the definition of "related" found in Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984), stating "an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." See Robbins Co. v. Piccinin, 788 F.2d 994, 1002 n.11 (4th Cir. 1986)(citing Pacor, Inc.).

The defendants contend that this is a core proceeding because Quicken filed a proof of claim in Guida's bankruptcy case and because this proceeding will affect the administration of Guida's estate. Additionally, the defendants state that they are contemplating filling cross claims against Guida seeking to liquidate the indemnity or contribution rights that the defendants hold against him for any liability that may be imposed upon them as a result of this civil action.

This Court finds that this civil action is a non-core proceeding. As stated above, this case is "related to" Guida's bankruptcy proceeding. Civil actions, such as this case, "do not automatically become core proceedings in bankruptcy simply because

a related proof of claim is filed in the bankruptcy case." Frelin, 292 B.R. at 378. In this case, no party alleges that the plaintiffs have filed a proof of claim against Guida. This Court "has no evidence that the exact issues raised in Plaintiffs' State Court complaint . . . are before the [bankruptcy court] for adjudication." Id. Where only one defendant's potential indemnification liability to another defendant is directly before the bankruptcy court rather than the defendants' potential liability to the plaintiffs, "the proof of claim . . . does not transform the State Court Action filed by Plaintiffs into a core proceeding." Id.

Furthermore, the defendants have not shown that any potential cross claims against Guida seeking to liquidate the indemnity or contribution rights cannot be brought in state court. Accordingly, this Court finds the third requirement of § 1334(c)(2) is met.

   4.   No Federal Jurisdiction Absent § 1334

The next factor under § 1334(c)(2) is that the action could not have been commenced in federal court absent jurisdiction under § 1334. As discussed above, the plaintiffs have asserted no claims arising under federal law. The only other avenue for jurisdiction is found in diversity of citizenship pursuant to § 1332. The plaintiffs and defendant Guida are West Virginia residents and defendant Appraisals Unlimited is a West Virginia corporation. Therefore, this Court finds that this action could not have been

commenced in federal court absent jurisdiction under § 1334, and thus the fourth factor under § 1334(c)(2) has been met.

   5.   Timely Adjudication

Finally, § 1334(c)(2) directs a court to determine whether the proceedings can be resolved in a timely fashion before the state court. No evidence has been presented showing the state court's docket is unmanageable or that the state court will not determine matters in a timely fashion. Therefore, the fifth and final condition for mandatory remand under § 1334(c)(2) has been met and this Court finds it must abstain from exercising its jurisdiction under § 1334.

B. Discretionary Abstention and Equitable Remand

Alternatively, this Court finds that even if mandatory abstention was not proper, it must exercise its discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) or exercise equitable remand under 28 U.S.C. § 1452(b). A.H. Robins, 788 F.2d at 1010 n.14. Section 1334(c)(1) states: "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). In analyzing whether permissive abstention is appropriate, a court should consider the following factors:

> (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-debtor parties; (3) the economical use of judicial resources; (4) the effect of remand on the administration

13

of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the possibility of inconsistent results; (11) any expertise of the court where the action originated; and (12) the existence of a right to a jury trial.

Blanton v. IMN Fin. Corp., 260 B.R. 257, 265 (M.D.N.C. 2001) (citations omitted).  Courts have noted that the factors for judging the propriety of permissive abstention are essentially identical to the factors articulated for determining the propriety of remand under 28 U.S.C. § 1452(b).  Blanton, 260 B.R. at 265 n.5.

This Court finds that the state law proceeding is based solely on issues of state law that would be better addressed by a state court.  As addressed above, Quicken's proof of claim does not transform this state law action into a core proceeding.  This Court does not believe that remanding this civil action will have a significant impact on the administration of the bankruptcy estate of Guida.  The plaintiffs attach a May 20, 2011 order of the bankruptcy court, which lifted the bankruptcy stay so that the plaintiffs could proceed with their claims solely with respect to obtaining liability policy information from Guida's insurance carrier and to pursue their right to file a claim against the liability policy and to pursue an action to collect under that policy and for no other purpose.  The order states that the plaintiffs will not be entitled to collect anything from Guida personally.  The plaintiffs are correct that the Quicken's

indemnification claim may be litigated in state court.  If successful, Quicken can then file a proof of claim for the judgment amount in Guida's bankruptcy case.

In addition, as discussed above, this civil action is non-core.  Because it is a non-core action, the claims cannot be tried in the bankruptcy court.  Judicial economy, therefore, does not weigh in favor of this Court retaining jurisdiction because this Court has been presented with no evidence to show that proceeding in state court will be less efficient than proceeding in federal court.  This Court also finds that it is in the interest of comity to permit the case to proceed in state court.

This Court has considered the factors for discretionary abstention and equitable remand and finds that discretionary abstention is appropriate.  Because this Court has concluded that mandatory abstention applies and that, in the alternative, discretionary abstention applies, this civil action must be remanded.

V. Conclusion

For the reasons stated above, the plaintiffs' motion to abstain, to remand, and to stay briefing of the motion to dismiss (Document No. 9) is GRANTED IN PART and DENIED AS MOOT IN PART.  Accordingly, this Court ABSTAINS from any further proceedings in this civil action and REMANDS this case to the Circuit Court of Marshall County, West Virginia.  Defendant Quicken Loans, Inc.'s motion to dismiss (Document No. 7) and defendant Title Source

Inc.'s motion to dismiss are DENIED WITHOUT PREJUDICE to the parties raising the same issues before the Circuit Court of Marshall County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 5, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE